Welch, J.
We are called upon to review the denial of a claim for medical benefits pursuant to a dental plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001 et seq. (“ERISA”). It is the position of the defendant, Altus Dental Insurance Company, Inc. (“Altus”), that the trial judge committed reversible error in finding that Altus acted in an arbitrary and capricious manner in denying the claim for dental benefits submitted by the plaintiff, Thomas E. Riley, Jr. (“Riley”), in making certain factual and evidentiary errors, and in finding that Altus’s denial of the claim was a violation of G.L.c. 93A.
Altus issued a dental insurance policy through Plumbers Union Local 12 (“Policy”), which coverage would extend to Riley. On February 23, 2011, Riley sought treatment for tooth discomfort at the office of Richard J. Baker, D.M.D. (“Dr. Baker”), resulting in the placement of a crown upon a molar. For the services rendered, Riley paid Dr. Baker in full in the amount of $1,499.00. On February 24,2011, Dr. Baker, on behalf of Riley, submitted to Altus a document entitled ADA Dental Claim Form, seeking reimbursement for the dental services in the amount of $1,499.00.[2]
As is the case in all insurance contracts, there are procedures set forth in the contract for the parties to follow regarding the submission of a claim and procedural options in the event of a denial of a claim. According to the Policy, in the event of a denial of a claim, there are two levels of appeal to challenge the denial.[3] The initial *153 submission of the claim form resulted in a denial, which notice was sent to Dr. Baker on March 9, 2011. The correspondence informed Dr. Baker that reimbursement for the crown was denied based upon a review by its Dental Consultant (a licensed practicing dentist), who concluded that the placement of a crown did not meet its dental treatment guidelines.[4] In addition to informing Dr. Baker of the basis for the denial, Altus advised Dr. Baker of his right of appeal and the opportunity to obtain documents and guidelines related to the denial free of charge. To initiate the first appeal, Dr. Baker was asked to provide, inter alia, the reason why the claim was wrongfully denied and any other information in support of the claim, such as ‘‘x-rays, narrative, charting, photos, treatment records, etc.”
As a result of the denial, Dr. Baker, on behalf of Riley, commenced the first level of appeal. Dr. Baker sent a letter to Altus, which stated as follows: “This case needs to be reviewed as this tooth has distal and lingual fractures on the tooth. A crown was required to repair this tooth.” In the appeal letter to Altus, Dr. Baker also included an X-ray of the tooth.
Altus responded to Dr. Baker’s letter, the first level of appeal, by correspondence dated March 28, 2011. Altus informed Dr. Baker that the treatment was reviewed on a first level of appeal by a Dental Consultant (a licensing practicing dentist), not involved in the initial denial, and the initial denial of the claim was upheld. The language for the relevant guideline was the same as previously referenced, Processing Policy Number 73. The letter went on to offer any documentation relevant to the denial free of charge and asked for any further information in support of the claim.
In response to the first-level appeal affirmation of the original denial, Dr. Baker initiated the second appeal by sending another letter repeating the same language of the first letter (except adding, “ [t] his is our second request”). Dr. Baker provided no other supporting documentation, tests, or explanations as to the reasons that the claim should be paid. Altus responded to Dr. Baker’s second-level appeal by correspondence dated April 19, 2011. Altus denied the claim on the same basis as before. In addition to confirming the original basis for denial, Altus informed Dr. Baker that *154 the internal appeals process had been exhausted and of his, and Riley’s, rights to initiate an external review of the denial or file suit.
On April 27, 2011, Jason A. Pithie, Esq. (“Pithie”), on behalf of Riley, sent a letter to Altus advising that if the claim was not paid within fourteen days, then suit would be initiated. On June 17, 2011, Attorney Pithie sent another correspondence, pursuant to G.Lc. 176D and G.L.c. 93A, demanding payment of the bill. By letter dated July 14, 2011, Altus responded to the allegations set forth in counsel’s G.L.c. 93A demand letter.[5] As the claim remain unpaid, suit was filed in the Quincy District Court, alleging wrongful denial of claim pursuant to 29 U.S.C. §§1132(a) (l) (B), (g) and violation of G.L.c. 176D and G.L.c. 93A. See 29 U.S.C. §1132 (e) (conferring jurisdiction for civil actions to recover benefits due under ERISA plan both in state courts and district courts of the United States). On August 22, 2012, the matter proceeded to trial in the Quincy District Court.
Unlike appeals from Massachusetts administrative agencies, the standard of review for the denial of benefits under an ERISA plan is not set out in the statute itself. See 29 U.S.C. §§1001 et seq.[6] By design, the courts were tasked to develop a Federal common law of rights and regulations under ERISA-regulated plans. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 52-57 (1987). See also Franchise Tax Ed. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 24 n.26 (1983), quoting 120 Cong. Rec. 29942 (1974) (remarks of Senator Javits) (“[A] body of Federal substantive law will be developed by the courts to deal with issues involving rights and obligations under private welfare and pension plans.”). Therefore, the first issue for the trial court was to determine the correct standard of review for an appeal from a denial of benefits under an ERISA-regulated plan.
The standard of review to be utilized by the trial judge is not in dispute. The insurer’s denial of benefits is to be reviewed under the arbitrary and capricious standard. Pari-Fasano v. ITT Hartford Life &Acc. Ins. Co., 230 F.3d 415, 418 (1st Cir. 2000); Doe v. Travelers Ins. Co., 167 F.3d 53, 56-57 (1st Cir. 1999); Giannone v. Metropolitan Life Ins. Co., 311 F. Supp. 2d 168, 174-175 (D. Mass. 2004). The operative inquiry under arbitrary, capricious, or abuse of discretion review is whether the aggregate evidence (presented at the administrative hearing) could support a rational determination that the plan administrator acted arbitrarily in denying the claim for benefits. Twomey v. Delta Airlines Pilots Pension Plan, 328 F.3d 27, 31 (1st Cir. 2003), citing Leahy v. Raytheon Co., 315 F.3d 11, 18 (1st Cir. 2002). A decision to deny benefits to a beneficiary will be upheld if the “administrator’s decision... [was] *155 reasoned and supported by substantial evidence.” Gannon v. Metropolitan Life Ins. Co., 360 F.3d 211, 213 (1st Cir. 2004). See also Boardman v. Prudential Ins. Co. of Am., 337 F.3d 9, 15 (1st Cir. 2003), quoting Pari-Fasano, supra at 419 (holding that district court can overturn “[an administrator’s] termination decision only if ‘the insurer’s eligibility determination was unreasonable in light of the information available to it’”).
Altus argues that the court treated the trial as a de novo review of the evidence and did not employ the proper standard of review, namely, whether the administrative decision was arbitrary and capricious. As proof of the above, Altus points to various findings of fact made by the court, which findings went beyond the record and which formed the basis for the denial of the claim. Altus is correct that certain findings made and evidence admitted at trial went beyond the record presented to Altus at the time the decision was made to deny the claim. In particular, Altus points to the admission of testimony of the treating physician, Dr. Baker, regarding any facts not presented to Altus during the claim process as error. It is inherent in reviewing an administrative action for reasonableness that only evidence submitted to the entity be considered in determining whether its actions were reasonable, as an administrator could not act unreasonably by ignoring information never presented. See Leahy, supra at 18.
Although the court’s decision does reference certain inadmissible testimony, the question before us is whether the trial court based its rulings of law on the impermissible factual findings and, by doing so, misapplied the standard of review. In the event the inadmissible testimony was a basis for the court’s decision, then such rulings would be reversible error. If such facts were not so utilized, then they are merely superfluous. Reviewing the courf s conclusions of law and findings of fact in support of the decision, there is no mention of any of the impermissibly admitted testimony. The court based its conclusion that the Altus claim review was arbitrary and capricious on its finding that the stated basis for the denial was disingenuous.
As referenced in the findings of fact, Altus denied the claim based upon very specific criteria, Processing Policy No. 73. Only after Riley hired an attorney and submitted a demand pursuant to G.L.c. 93A did Altus then provide a new specific and comprehensive guideline as an explanation for the denial of benefits. The trial judge found that Altus’s actions in referencing a previously undisclosed guideline during the claims process resulted in an arbitrary standard being followed as the only defined standard for denial was “significant loss of tooth structure.” As the court found the decision to deny the claim was not based upon Altus’s stated reasons, the decision to deny the claim must have therefore been based upon some other, unidentified criteria.
The Policy sets forth the responsibilities of the parties upon the denial of a claim as follows:
To Appeal A Claim Determination ... Processing policy messages on your Explanation of Benefits or Pre-Treatment Estimate Notice explain the reason (s) for the denial, refer to easy plan provisions on which the decision was based, and refer to a guideline, protocol or criteria we used to make the adverse decision (emphasis in original).
*156 The Policy goes on to inform the insured that if requested, free of charge, they would provide the insured copies of all relevant documents regarding the claim and any internal rule, guideline, or protocol and/or any explanation of any clinical judgment used to decide the claim. A review of the record of the claim shows that Altus sent two denial letters to Dr. Baker, stating that the basis for the denial was as follows:
Processing Policy No. 73> The contract provides for crowns, buildups and metallic onlays only when teeth have been broken down by decay or when there is significant loss of tooth structure due to fracture (emphasis in original).
Other than citing Processing Policy No. 73, there is no other stated basis for denials of the claim. Significantly, Altus does not reference, as its policy indicates it must, any plan provisions, guidelines, protocols, or criteria used to render the adverse decision. There was no mention in either of the two levels of appeal of the specific Utilization Review Guideline later used to explain the denial of the claim in the response to the G.L.c. 93A demand letter. In the Explanation of Benefits, there was no other reference to any criteria, other than the processing policy, as a basis for the denial of the claim.
Subsequent to the two administrative appeals, having exhausted his administrative remedies, Riley sought legal representation. Counsel sent a letter pursuant to G.Lc. 93A and G.Lc. 1760 to Altus. Carol Gioffreda (“Gioffreda”), a quality assurance coordinator for Altus, responded to counsel’s demand letter. Gioffreda testified that the purpose of the letter was to respond to the allegations of unfair and deceptive practices in the denial of the claim. In her correspondence, Gioffreda indicated that the basis for the denial was a specific Utilization Review Guideline. Gioffreda set forth the specific guideline in the letter and provided a copy of the guideline as an attachment. The guideline, as a basis for denial, was first referenced in the response to the G.Lc. 93A demand letter; this guideline had never been referenced in any denial letter or Explanation of Benefits to Riley or Dr. Baker. The processing policy, which was the stated reason for the denial of benefits, was nowhere referenced in the response letter as a basis for the denial. As stated aptly by Riley in his testimony, Altus had “moved the goal posts.”
Not only did the response to the G.L.c. 93A letter conflict with the reasoning for the original denials, the claims handling documents also show similar revisionist thinking. The most contemporaneous records chronicling the basis for the denial of the claim are contained in the “DCM Notes.” Although not referenced in the G.L. c. 93A demand response, the DCM Notes specify the basis for the denial of the claim:
TH 19 PROC-2740 DENY WITH PP73
FINAL REVIEW DECISION IS BASED UPON ALL SUBMITTED DOCUMENTATION
X-RAY INDICATES A DISTAL FRACTURE OF THE TOOTH WHICH MAY BE RESTORED MORE CONSERVATIVELY. THERE APPEARS TO BE A LACK OF BREAKDOWN TO QUALIFY FORA CROWN.
NO NARRATIVE EXPLAINING THE EXTENT OFTHE DISTAL FRACTURE
*157 Although referencing the “deny with PP73” (by inference, Processing Policy No. 73), there is no mention of the specific Utilization Review Guideline as referenced in the G.L.c. 93A response letter.
The basis for the trial judge’s decision concluding that the denial of the claim was arbitrary is rooted in the claims handling procedures, which facts are undisputed. At all steps of the denial process, Altus failed to comply with the terms of the Policy insofar as it related to notification for the basis of the denial of the claim. The stated basis for the denial of the claim in both denial letters failed to mention the particular guideline relied upon in the response to the G.L.c. 93A letter and testimony at trial. Based upon the undisputed facts, the trial judge concluded that Altus’s claims handlers were disingenuous and chose arbitrary standards as Altus provided multiple reasons for the denial of the claim. Based upon the properly admitted evidence and the appropriate standard of review, Altus’s shifting reasons for denial of the claim rendered its decision to deny the claim arbitrary and capricious and, as the court opined, disingenuous.[7]
Judgment affirmed.

 The claim form identified the date of the procedure, the tooth number 0P 19), the procedure code (D2740), the description of the service (Crown-pore/ceramic Substr), and the cost. There was no other information provided to Altus.

 In summary, pursuant to the Policy, a claimant may avail himself of two levels of internal appeal and one external review when an adverse determination is made based upon a failure to meet the Policy’s Utilization Review Guidelines. In the first appeal, the claimant would state the basis for the appeal and include any relevant *153 documentation. The matter would then be reviewed by a Dental Consultant and a decision rendered. In the event the denial of the benefit is upheld, the claimant has a right to a second appeal. The second appeal incorporates the same procedure as the first; however, a different Dental Consultant is assigned to review the matter who was not involved in the first denial. In the event the second appeal is denied, the claimant may pursue an external appeal where the claimant and the insurance company split the cost of an external reviewer. If the external review option is not chosen by the claimant, the claimant may choose to file a civil action pursuant to §502 (a) of ERISA.

 The correspondence referenced the specific guideline utilized in the denial of the claim as “<Processing Policy Number 73> The contract provides benefits for crowns, buildups and metallic onlays only when teeth have been broken down by decay or when there is significant loss of tooth structure due to fracture. Based upon the documentation reviewed by the Dental Consultant, the procedure does not qualify” (emphasis in original).

 In summary, Altus’s response set forth the specific dental guidelines that had not been met, further stating that Dr. Baker’s prior submissions showed no evidence of active decay, recurrent decay, cuspal fracture (the entire cusp would have to be missing), three surface restorations with very thin buccal/lingual walls, and the X-rays revealed the existing restoration was not within 2 mm. of the pulp. The specific dental guideline as referenced in the G.L.c. 93A demand response had not been referenced in the initial denial or the two appeal denials or in any other correspondence or Explanation of Benefits.

 As a comparison, in appeals from denials of unemployment benefits in Massachusetts, the standard of review is set forth by statute. See G.L.c. 30A, §14.

 As disingenuous is a synonym for deceptive, the trial judge’s finding of a violation of G.L.c. 93A is not an error of law.